
April 30, 2025

**VIA ELECTRONIC FILING**

Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, Illinois 60604

Re:  *The Estate of Ceasar Stinson, et al. v. Joel Streicher*
     Appeal No. 22-3043

Dear Clerk:

Please allow this letter to serve as the response of defendant-appellant, Joel Streicher, to the notice of supplemental authority submitted by plaintiffs-appellees on April 28, 2025, pursuant to Fed. R. App. P. Rule 28(j) and Circuit Rule 28(e).

The *per curiam* opinion issued on April 17, 2025, in *Smith v. Whitsel*, Appeal No. 24-1694, does not set forth new principles of law regarding the doctrine of qualified immunity. Indeed, the proposition that this Court does not have jurisdiction to review a district court's denial of qualified immunity on an interlocutory basis when the decision as to whether immunity applies turns on disputed issues of historical fact is not new – *see, e.g.*, *McGee v. Parsano*, 55 F.4th 563, 571 (7th Cir. 2022) – and was fully addressed by the parties in their respective briefs.

Unlike in *Smith,* this is not an appeal where disputes of historical fact preclude appellate jurisdiction. (*See* ECF No. 38 at 5-11; ECF No. 23 at 2-4; ECF No. 11 at 10-16.) Neither the district court nor plaintiffs-appellees identified disputes with respect to material historical facts. (*Id.*) In turn, the application of the qualified immunity doctrine to a given set of undisputed historical facts is an immediately appealable question of law, and this Court is obligated to exercise interlocutory appellate jurisdiction to address appeals, such as this, raising such questions of law. (*See* ECF No. 38 at 6-7 (citing *McGee*, 55 F.4th at 571).)

The body of this letter contains 236 words.

Respectfully submitted,

**HANSEN REYNOLDS LLC**

Andrew A. Jones
ajones@hansenreynolds.com


cc:    Mark L. Thomsen
        Thomas J. Donnelly